IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MAXINE R. ROSE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CIV-05-308-F |
| v. | ) | |
| | ) | |
| MILLICENT NEWTON-EMBRY, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT  AND  RECOMMENDATION

Petitioner, a state prisoner appearing with counsel, has filed this Petition for a Writ

of Habeas Corpus pursuant to 28 U.S.C. §2254.  Petitioner is challenging the convictions for

Arson in the First Degree and Endangerment to Human Life by Commission of Arson in the

First Degree entered against her following a jury trial in the District Court of Cleveland

County, Case No. CF-2000-200, for which she is serving concurrent sentences of twenty

years of imprisonment and ten years of imprisonment, respectively.  Respondent has moved

to dismiss the Petition on the ground that it is barred by the statute of limitations prescribed

in 28 U.S.C. §2244(d)(1), to which Petitioner has responded. The matter has been referred

to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C.

§636(b)(1)(B).  For the following reasons, it is recommended that Respondent's Motion to

Dismiss be granted and the Petition be dismissed as untimely.

According to the record presented by the parties,[1] Petitioner was convicted of the offenses charged in Case No. CF-2000-200 and sentenced on February 20, 2002. The docket sheet in the criminal case reflects that Petitioner was represented at trial by attorney Jim Hughes. However, following the trial Petitioner's present counsel entered an appearance in the state court criminal case on October 11, 2001, and has represented Petitioner in all post-conviction matters since that date. Respondent's Brief in Support of Motion to Dismiss, Ex. C. Petitioner appealed the convictions, and in a summary opinion entered March 25, 2003, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed the convictions. Id., Ex. B. With respect to the claims raised by Petitioner in his direct appeal, the OCCA found that Petitioner's convictions do not violate the statutory double jeopardy prohibition in Okla. Stat. tit. 21, §11, that there was sufficient evidence presented at trial to support the convictions, and that Petitioner was not denied effective assistance of trial counsel based on trial counsel's failure to call available alibi witnesses. Id.

Over a year later, on April 2, 2004, Petitioner filed an application for post-conviction relief in the trial court. Id., Ex. C. An evidentiary hearing was conducted on the application on August 4, 2004, and the trial court entered an order denying post-conviction relief. Id. Petitioner was subsequently granted leave to appeal the post-conviction decision out of time, and the OCCA entered an order on December 3, 2004, affirming the district court's decision denying post-conviction relief. Id., Exs. D, E, and F. In the appellate court's order, the court

---

[1]Although Petitioner is represented by counsel, Petitioner has not presented copies of the state court trial, appellate, or post-conviction records relevant to her Petition.

specifically found that the issue raised by Petitioner in the post-conviction application "of

ineffective assistance of counsel for failure of counsel to call available alibi witnesses was

raised on direct appeal." Id., Ex. F.  Because the claim had previously been raised and

rejected in Petitioner's direct appeal, the OCCA found the claim was barred from post-

conviction review by the doctrine of *res judicata.* Id.  With respect to Petitioner's second

claim asserted in the post-conviction application that "[n]ew evidence eliminates any

confidence in the outcome of the original trial result," the OCCA found that Petitioner had

not shown she was entitled to any relief based on the record presented to the court. Id.

Effective April 24, 1996, the statutes governing federal habeas corpus actions for state

and federal prisoners were substantially amended by the enactment of the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214.  The

AEDPA amends 28 U.S.C. §2244 by adding a one-year period of limitations on the filing of

a petition seeking a writ of habeas corpus by a person in custody pursuant to a state court

judgment. 28 U.S.C. §2244(d)(1).

Petitioner filed this Petition on March 18, 2005, and his Petition is therefore governed

by the AEDPA's amendments. See Lindh v. Murphy, 521 U.S. 320, 336 (1997)(AEDPA's

amendments apply to habeas petitions filed after the AEDPA's effective date of April 24,

1996).  Under 28 U.S.C. §2244(d)(1)(A), the one-year limitations period begins to run from

"the date on which the judgment became final by the conclusion of direct review or the

expiration of the time for seeking such review."[2]  Taking judicial notice of official state court

records, Petitioner's convictions in Case No. CF-2000-200 were affirmed by the OCCA on

March 25, 2003, and her convictions became "final" for purposes of determining the one-

year limitations period under 28 U.S.C. §2244(d)(1)(A) on June 25, 2003, when the time for

Petitioner to seek certiorari review from the OCCA's decision to the United States Supreme

Court expired.[3]  Locke v. Saffle, 37 F.3d 1269, 1272 (10th Cir. 2001)("Under the statute, a

petitioner's conviction is not final and the one-year limitations period for filing a federal

habeas petition does not begin to run until ...'after the United States Supreme Court has

denied review, or, if no petition for certiorari is filed, after the time for filing a petition for

certiorari with the Supreme Court has passed.'")(quoting Rhine v. Boone, 182 F.3d 1153,

1155 (10th Cir. 1999)); accord, United States v. Burch, 202 F.3d 1274, 1279 (10th Cir.

2000)(§2255).  Petitioner therefore had one year from June 25, 2003, to file her federal

habeas petition commensurate with 28 U.S.C. §2244(d)(1).  Accordingly, in the absence of

any statutory or equitable tolling of the limitations period, the one-year limitations period

would have expired on June 25, 2004.

The §2244(d) limitations period is tolled for "[t]he time during which a properly filed

application for State post-conviction relief ... is pending." 28 U.S.C. §2244(d)(2).  Petitioner

---

[2]None of the alternative circumstances described in §2244(d)(1) for commencement of the limitations period are applicable to the instant Petition.

[3]See Rule 13.1, Rules of the Supreme Court (applicant for certiorari has 90 days from date of judgment to file petition for writ of certiorari).

filed an application for post-conviction relief in the state district court on April 2, 2004, and

the post-conviction application was pending in the state courts until December 3, 2004, when

the OCCA affirmed the district court's denial of post-conviction relief.

As of the date that Petitioner filed his state court post-conviction application, 282 days

of the one-year limitations period had passed.  The one-year limitations period began again

on December 4, 2004, and the limitations period expired on February 24, 2005.  Petitioner

filed the instant Petition on March 18, 2005, some three weeks after the statute of limitations

period expired.  In the absence of any equitable tolling of the limitations period, Petitioner's

Petition is barred from judicial review by the expiration of the 28 U.S.C. §2244(d)(1)

limitations period.

In this circuit, the §2244(d)(1) limitations period "may be subject to equitable tolling."

Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998).  In Miller,

the circuit court contemplated that extraordinary circumstances, *i.e.*, "a constitutional

violation [that] has resulted in the conviction of one who is actually innocent or

incompetent," may warrant equitable tolling of the §2244(d)(1) limitation period. Id. at 978.

Equitable tolling is appropriate, for instance, "when a prisoner is actually innocent" or "when

an adversary's conduct - - or other uncontrollable circumstances - - prevents a prisoner from

timely filing, or when a prisoner actively pursues judicial remedies but files a defective

pleading during the statutory period" but is not appropriate in circumstances amounting to

"excusable neglect." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).  The Tenth

Circuit has also recognized that §2244(d)(1) "requires inmates to diligently pursue claims" in state and federal courts. Miller, 141 F.3d at 978.  Accord, Gibson, 232 F.3d at 808.

In a responsive brief that is not supported by any evidentiary documents, Petitioner contends the one-year limitations period should be equitably tolled because her counsel had difficulty ascertaining the whereabouts of two potential witnesses, Tara Potts and Leslie Jones, and did not obtain affidavits from these potential witnesses until March 2004. Petitioner has not provided the affidavits of these potential witnesses purportedly obtained to support the Petition.  In her response, Petitioner alleges that Ms. Potts states in her affidavit that she "heard Mr. Rose [who is Petitioner's ex-husband] tell another inmate at the Cleveland County Jail that he burned down the house in which he was residing to 'frame' [Petitioner] and thereby gain custody of his children." Petitioner's Response, at 4.  With respect to the potential witness Leslie Jones, Petitioner's allegations are not clear. Apparently, however, in Ms. Jones' affidavit she states that she was present at the Petitioner's trial and would have testified that Petitioner had planned a trip to Dallas on the day of the fire that burned Petitioner's ex-husband's house and that, contrary to the prosecution's theory that she went to Dallas to escape apprehension, Petitioner had planned this trip to Dallas several weeks before the fire in order to take her son to a medical appointment.  Petitioner asserts that both of these affidavits support her claim of ineffective assistance of trial counsel.

Petitioner's assertion that the affidavit of Ms. Jones provides "new" evidence not known at the time of her direct appeal is contrary to the record.  In the Petitioner's direct

appeal, Petitioner asserted a claim of ineffective assistance of trial counsel based on trial

counsel's failure to call alibi witnesses.  This claim was denied on its merits.  The district

court and the OCCA both found that Petitioner's claim asserted in her post-conviction

application of ineffective assistance of trial counsel based on counsel's failure to call Ms.

Jones and another potential alibi witness, Mr. Ruesewald, to testify at her trial was barred by

the doctrine of *res judicata* because the same claim had been rejected in her direct appeal.

Thus, Petitioner's argument for equitable tolling based on the "new" evidence contained in

Ms. Jones' affidavit is not persuasive.

    As to the purported affidavit by potential witness Tara Potts, the district court entered

written factual findings and conclusions in Petitioner's post-conviction proceeding following

a hearing.  These findings are set forth in an order available to the public on the internet, of

which the undersigned takes judicial notice.  In this order, the district court found in

Petitioner's post-conviction proceeding that potential witness Potts'

> proposed testimony was not available at trial [and] was not
> known to appellate counsel at the time of appeal. [H]er
> testimony is new evidence, but that this is not evidence which,
> if presented to the jury, would have prevented the guilty verdict.
> It is evidence that would have contradicted or impeached the
> states' [sic] witnesses.  At best, Ms. Potts' testimony would have
> been considered by the jury in determining what weight [and]
> credit to give to prosecuting testimony, [and] could have been
> itself fully explored by cross examination.

<www.oscn.net> (docket sheet in State of Oklahoma v. Maxine Rose, Case No. CF-2000-

200)(Order entered August 4, 2004, by District Judge William Hetherington).  The OCCA

affirmed the district court's decision, finding specifically that this "[n]ew evidence" did not entitle Petitioner to post-conviction relief.

Petitioner contends that she is entitled to equitable tolling of the limitations period because she is actually innocent. The actual innocence exception was developed with respect to judicially-recognized restrictions placed on a habeas petitioner's ability to file successive or procedurally defaulted federal habeas petitions. See Sclup v. Delo, 513 U.S. 298, 318-321 (1995). Under the procedural default doctrine, federal courts refuse to review the merits of procedurally-defaulted claims except in limited circumstances in which the petitioner can show cause for the default and resulting prejudice. See Murray v. Carrier, 477 U.S. 478 (1986). A distinct exception to the procedural default doctrine has been judicially-recognized for those habeas cases in which the petitioners can show they are actually innocent of the offenses for which they were convicted. Thus, "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." Id. at 496. This "extremely rare" exception was developed in order to prevent a "fundamental miscarriage of justice" in which a "constitutional error has resulted in the conviction of an innocent person." Schlup, 513 U.S. at 324.

The standard of proof governing the actual innocence exception is high. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence - - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial. Because

such evidence is obviously unavailable in the vast majority of cases, claims of actual

innocence are rarely successful." Id. at 324. "The meaning of actual innocence ... does not

merely require a showing that a reasonable doubt exists in light of the new evidence, but

rather that no reasonable juror would have found the defendant guilty." Id. at 329. Courts

have extended the actual innocence exception to the statute of limitations arena "[b]ecause

AEDPA's one-year limitations period protects the same values of comity and finality as do

the procedural limits on successive and defaulted petitions." Doe v. Menefee, 391 F.3d 147,

161 (2nd Cir. 2004).

"Actual innocence has been recognized by this circuit as equitable grounds for not

applying the AEDPA period of limitation ... [It] requires a showing that there is new

evidence, not present in the trial, that makes it 'more likely than not that no reasonable juror'

would have convicted the petitioner." Whitebird v. Snider, No. 01-6107, 2001 WL 1345095

(10th Cir. Nov. 1, 2001)(unpublished op.)(quoting Schlup, 513 U.S. at 327). See also

Reynolds v. Hines, No. 02-7043, 2003 WL 170678 (10th Cir. Jan. 27, 2003)(unpublished

op.)(applying Schlup standard of proof to actual innocence claim asserted as a basis for

equitably tolling the §2244(d)(1) limitations period). In Whitebird, the Tenth Circuit

concluded that the petitioner had not shown adequate grounds for waiving the limitations

period. The petitioner had presented "new evidence consist[ing] solely of the affidavits of

Whitebird himself and Larry Taylor, who pled guilty to armed robbery based on the same

events and who averred that Whitebird was not involved in the robbery in question."

Whitebird, 2001 WL 1345095, at *2.

Petitioner has not presented reliable evidence of her actual innocence to justify equitably tolling the limitations period.  Even assuming the truth of her allegations with respect to the substance of Potts' affidavit, this evidence, had it been admitted at Petitioner's trial, might have impeached the credibility of one or more of the prosecution's witnesses. However, it is not "exculpatory scientific evidence, trustworthy eyewitness accounts, ... critical physical evidence," or similar evidence that affirmatively demonstrates Petitioner's innocence.  Schlup, 513 U.S. at 324.

Because Petitioner has not shown actual innocence, her allegations of due diligence are not sufficient to excuse the limitations bar.  Moreover, Petitioner's allegations of due diligence are conclusory.  Petitioner does not allege what steps she took to find Potts.  She alleges only that Potts' purported testimony was not known until April 4, 2003, when Petitioner's mother "disclosed names and contact information of two persons that possessed pertinent information" in Petitioner's criminal case to Petitioner's counsel.  Petitioner's Response, at 8.  Petitioner does not allege what steps she took prior to this date to investigate the possibility that this witness had relevant information, particularly since she alleges the information came from her own mother.  Nor does Petitioner allege in any detail what steps she or her attorney took after learning of this information.  Petitioner alleges only that the potential witness had changed her name,  and that it took her counsel a year to find Ms. Potts.

Because Petitioner has not shown actual innocence or due diligence, the statute of limitations should not be equitably extended beyond the expiration date.  Accordingly,

Respondent's Motion to Dismiss the Petition on the ground that the Petition is untimely should be granted, and the Petition should be dismissed on this basis.

### RECOMMENDATION

Based on the foregoing findings, it is recommended that Respondent's Motion to Dismiss Petition for Habeas Corpus as Time-Barred (Doc. #10) be GRANTED and the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 be DISMISSED as untimely. Petitioner is advised of her right to file an objection to this Report and Recommendation with the Clerk of this Court by __ June 27th __, 2005, in accordance with 28 U.S.C. §636 and LCvR 72.1.  The Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives her right to appellate review of both factual and legal issues contained herein.  Moore v. United States of America, 950 F.2d 656(10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this __ 6th __ day of __ June __, 2005.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE